IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARY EDWARDS,

                                                     OPINION AND ORDER

                    Plaintiff,

                                                         14-cv-150-bbc

     v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Mary Edwards is seeking review of a final decision by defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying her claim for disability insurance benefits and supplemental security income under the Social Security Act. 42 U.S.C. § 405(g). The administrative law judge who decided the case concluded that plaintiff suffered from the severe impairments of degenerative disk disease of the lumbar spine, right shoulder tendonitis, asthma and right lower extremity pain but retained the residual functional capacity to perform limited light work, including her past relevant work as a unit clerk, payroll clerk and administrative assistant. Plaintiff contends that the administrative law judge ignored the limitations assessed by a physician assistant, Loren Arends, and approved by her treating physician, Dr. Richard Ahn. Because I find that the administrative law judge did not give any reason for rejecting the opinion of two of plaintiff's treating providers, I am reversing his decision and remanding this case.

1

OPINION

It is a well-settled rule that a treating physician's medical opinion is entitled to controlling weight if it is supported by objective medical evidence and consistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013); Skarbek v. Barnhart, 390 F.3d 500, 503 (7th Cir. 2004). Although an administrative law judge is not required to afford a treating physician's opinion controlling weight, he is required to provide a sound explanation for rejecting it. Roddy, 705 F.3d at 636. See also Beardsley v. Colvin, 758 F.3d 834, 839 (7th Cir. 2014) ("The problem in this case is that the ALJ did not provide a valid explanation for preferring the record reviewer's analysis over that of the agency's examining doctor.").

In a letter to plaintiff dated April 25, 2003, physician assistant Loren Arends wrote that plaintiff was diagnosed with a herniated disk in 1997 and continued to have low back pain that radiates down her right leg and causes intermittent leg weakness. AR 1005. also noted that plaintiff's March 2003 magnetic resonance imaging study showed the herniated disk and a new disk desiccation. Id. Arends assessed plaintiff with the permanent limitations of no lifting over five pounds, no prolonged standing or sitting for more than 30 minutes and no bending. Id. Dr. Richard Ahn, plaintiff's primary physician at the time, also signed the letter. Id.

In his December 17, 2012 written decision, the administrative law judge found that plaintiff retained the residual functional capacity to perform a limited range of light work. AR 33. He did not incorporate the limitations assessed by Ahn and Arends. Although the

administrative law judge summarized the contents of Arends's 2003 letter in his decision, AR 34, he did not offer any reason for rejecting Ahn's and Arends's opinion, stating only that he had "considered the relevant medical opinions." AR 36.

Defendant attempts to justify the administrative law judge's misstep as harmless error, arguing that Arends prepared her letter before plaintiff's disability onset date of July 26, 2003, and that subsequent medical records showed that plaintiff's back condition later improved with exercise, martial arts and physical therapy. Dkt. #15 at 5. Although defendant makes a good point, plaintiff correctly notes that the administrative law judge did not cite plaintiff's improvement as a reason for rejecting the opinion of Ahn and Arends. The Court of Appeals for the Seventh Circuit has admonished the commissioner for relying on such "post hoc rationale," Pierce v. Colvin, 739 F.3d 1046, 1050 (7th Cir. 2014), and has made clear that an administrative "agency's discretionary order be upheld, if at all, on the same basis articulated in the order by the agency itself." Hanson v. Colvin, 760 F.3d 759, 762 (7th Cir. 2014). As a result, I must reverse the commissioner's decision and remand this case. On remand, the administrative law judge should consider explicitly the opinions of all of plaintiff's treating physicians and explain his reasons for adopting or rejecting those opinions.

ORDER

IT IS ORDERED that plaintiff Mary Edwards's motion for summary judgment, dkt. #10, is GRANTED and the decision of defendant Carolyn Colvin, Acting Commissioner of

Social Security, is REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff Mary Edwards and close this case.

Entered this 25th day of November, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge